## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADVOCATE FINANCIAL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-946** |
| **H. EDWARD SHERMAN AND H. EDWARD SHERMAN, APLC** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendants, H. Edward Sherman and H. Edward Sherman, APLC (Doc. #16) is **DENIED**.

### BACKGROUND

This matter is before the court on a motion to dismiss filed by defendants, H. Edward Sherman and H. Edward Sherman, APLC. They argue that this matter should be dismissed because this court lacks diversity subject matter jurisdiction under 28 U.S.C. § 1332, Advocate Financial, LLC has violated an automatic stay in Employers' Self Insureds Fund's ("ESIF") bankruptcy action by filing this action, and they may have lender liability claims against Advocate.[1]

Advocate filed this action against defendants seeking to collect on indebtedness defendants allegedly owe to Advocate. Advocate is a limited liability company, and its sole member is La Chenaie Holding, LLC, another limited liability company. La Chenaie's sole member is Sofra, S.A., a corporation organized under the laws of, and maintaining its principal place of business in, France. Advocate was in the business of lending money to lawyers and litigants to fund reasonable litigation expenses. Advocate alleges that, beginning in 2003, defendants executed various notes and

---

[1] In their reply memorandum, defendants make various statements regarding the legal effect of Advocate's UCC-1 financing statement, Advocate's alleged misrepresentations to them, and Advocate's concluded bankruptcy proceeding. These arguments were not raised in the motion, and will not be considered.

guarantees to borrow money from Advocate. The last promissory note and guarantee were signed in 2009, and Advocate seeks to collect on that debt. Advocate claims that it has a perfected security interest in various collateral described in the loan documents and UCC-1 financing statement, which includes:

> All of Grantor's [i.e., the Firm's] present and future rights, title and interest in and to any and all (i) attorney's fees, (ii) reimbursements of litigation costs and expenses advanced and incurred by Grantor on a client's behalf, (iii) reimbursements of living expenses advanced or funded by Grantor to a Client or on a Client's behalf, and Income and Proceeds in connection with Grantor's legal representation of any and all past, present and future Clients, whether now due or to become due, whether pursuant to any attorney-client contract or other agreement, any extension or amendment thereto, or pursuant to any law or privilege or otherwise, whether from a named party in the Case or other person or entity on a named party's behalf, and whether in satisfaction of a full or partial judgment or a full or partial settlement of a case.

Advocate alleges that at the time it filed this action defendants' indebtedness to it was over $300,000.

Prior to filing this action, Advocate sought, and was granted, leave from the automatic stay issued in ESIF's bankruptcy case to file an intervention in <u>Johnny Jones v. Larry McCorkle Steel Reinforcement, Inc., et al.</u>, Civil District Court, Parish of Orleans, Case No. 2006-03452. Sherman is Jones' attorney in that action, and ESIF lent Jones money in connection with the litigation. Advocate filed an intervention in <u>Jones</u> seeking to assert its collateral rights to Sherman's fees or other payments as stated in the loan documents and UCC-1 statement. Eventually, Advocate dismissed its intervention, choosing instead to pursue its rights against defendants in this court.

ANALYSIS

**A.     Subject Matter Jurisdiction**

Defendants argue that this court lacks diversity subject matter jurisdiction under § 1332 because the defendants and Advocate are all citizens of Louisiana.  Defendants argue, that because Advocate and La Chenaie are limited liability companies organized under the laws of Louisiana, they are Louisiana corporations and citizens of Louisiana.

**1.     Rule 12(b)(1) of the Federal Rules of Civil Procedure**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001).  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

**2.     Diversity Jurisdiction Under 28 U.S.C. § 1332**

Section 1332(a)(2), Title 28 of the United States Code provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs and is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

In this case, defendants are citizens of Louisiana.  Advocate is a limited liability company.  The citizenship of a limited liability company is determined by the citizenship of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1078 (5th Cir. 2008).  Advocate's sole member,

3

La Chenaie, is another limited liability company, and its sole member is Sofra, S.A. The abbreviation "S.A." stands for "Société Anonyme," which is the French term used to designate a corporation. Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 152 n. 2 (3d Cir. 2010). Therefore, Advocate is a citizen of France for diversity subject matter jurisdiction purposes. Because the parties are of diverse citizenship, and Advocate has alleged that there is more than $75,000 in controversy, this court has diversity subject matter jurisdiction over this action, and defendants' motion is DENIED as to the jurisdictional argument.

**B.      Effect of ESIF's Bankruptcy Action and Defendants' Potential Lender Liability Claims Against Advocate**

**1.   Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true.

4

Iqbal, 129 S.Ct. at 1949-50.  In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto.  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

### 2.  Defendants' Arguments

Defendants argue that this suit should be dismissed because there is an automatic stay in ESIF's bankruptcy proceeding.  ESIF's bankruptcy proceeding is unrelated to this case.  The only parties to this case are Advocate and defendants.  There are no allegations against ESIF or that implicate it in any way.  Therefore, defendants' motion to dismiss on the basis of ESIF's bankruptcy action is DENIED.

Defendants also argue that this case should be dismissed because they may have lender liability claims against Advocate.  Defendants can bring those claims in an appropriate pleading.  Any such potential claims do not warrant dismissal of this suit.  Therefore, defendants' motion to dismiss on the basis of their potential lender liability claims against Advocate is DENIED.

### CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendants, H. Edward Sherman and H. Edward Sherman, APLC (Doc. #16) is **DENIED**.

New Orleans, Louisiana, this 14 day of October, 2014.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE