**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ADVOCATE FINANCIAL, LLC                          CIVIL ACTION

VERSUS                                           NO:    14-0946

H. EDWARD SHERMAN, ET AL.                        SECTION: "S" (4)

## REPORT AND RECOMMENDATION

On December 11, 2014, the presiding U.S. District Judge entered a Default Judgment[1] against the defendants, H. Edward Sherman and his law firm, H. Edward Sherman, APLC (collectively "Sherman"), granting costs and reasonable attorney's fees to be taxed pursuant to Fed. R. Civ. P. 54(d)(2) in an amount not to exceed twenty-five percent of the outstanding principal of the indebtedness. *See* R. Doc. 29. The presiding U.S. District Judge referred the matter to the undersigned to determine the reasonableness of plaintiff, Advocate Financial, LLC's ("Advocate") fee application. *Id.*

Now before the Court is Advocate's **Motion for Attorney Fees (R. Doc. 35)**. The Advocate seeks to recover $37,200.72 in attorney's fees.  The motion is unopposed and was heard on the briefs.

## I.    Background

Advocate filed this action against Sherman, to recover sums due under a promissory note and for the enforcement of its security interests. Advocate was in the business of lending money to lawyers and litigants to fund reasonable litigation expenses. Advocate alleges that, beginning in 2003, Sherman executed various notes and guarantees to borrow money from Advocate.

---

[1]The Default Judgment was entered in favor of Advocate in the amount of $302,449.13, plus accrued interest of $77,204.05 through April 21, 2014, with interest thereafter accruing on the principal indebtedness at the default rate of 18% annually (or $149.15 per day); plus reasonable attorney's fees to be taxed pursuant to Fed. R. Civ. P. 54(d)(2) in an amount not to exceed twenty-five percent of the outstanding principal indebtedness; plus costs of these proceedings. *See* R. Doc. 29.

Advocate now seeks to collect on the debt for the last promissory note and guarantee, which were signed in 2009. Advocate has a perfected security interest.

Advocate filed this action in diversity on April 25, 2014, and Sherman was served with the complaint on May 1, 2014. *See* R. Docs. 4 and 5. Sherman's answer was due on May 22, 2014. Sherman sought an extension of time to file a response on May 21, 2014, which was granted, giving Sherman until June 21, 2014, to file its response. *See* R. Doc. 9. Subsequently, Sherman sought two additional extensions on June 20, 2014, and July 8, 2014, which were each granted. *See* R. Docs. 11 and 15.

On July 14, 2014, three days after the July 11, 2014 extended deadline, Sherman filed a motion to dismiss arguing that the Court lacked subject matter jurisdiction and that there was an automatic stay issued in an unrelated bankruptcy case that applied to the subject action. *See* R. Doc. 16. The motion was taken under submission on August 20, 2014, and the Court denied the motion on October 15, 2014. *See* R. Doc. 20.

Advocate filed a motion for entry of default under Federal Rule of Civil Procedure 55(a) because Sherman's answer was due on November 3, 2014, but had not been filed. *See* R. Doc. 21. The Clerk of Court granted Advocate's motion and a default against Sherman was entered on November 12, 2015.  Then on November 25, 2014, Advocated filed a motion for default judgment which was granted on December 11, 2014.  *See* R. Doc. 28.

Advocated filed the subject motion pursuant to the Court's December 11, 2014 Default Judgment, granting costs and reasonable attorney's fees to be taxed pursuant to Fed. R. Civ. P. 54(d)(2) in an amount not to exceed twenty-five percent of the outstanding principal indebtedness. *See* R. Doc. 29. Upon receipt of the motion, the Court noted that the submission did not comply with Local Rule 54.2 and *Blum v. Stenson*,  465 U.S. 886, 896 ( 1984), which

requires the submission of satisfactory proof of education, background or experiences. *See* R.

Doc. 37. The Court ordered that Advocate (1) submit satisfactory proof of education, background

and experience; (2) provide the Court with sufficient evidence of rates charged in similar cases

by other local attorneys with similar experience, skill and reputation; and (3) provide the Court

with a copy of the fee agreement, no later than January 30, 2015. *Id*. at 3. Advocate complied

with the Order and filed a supplemental memorandum on January 29, 2015. *See* R. Doc. 38.

## II.      Standard of Review

For cases sitting in diversity jurisdiction, state law governs the substantive questions of

the award and reasonableness of attorney's fees.  *Alyeska Pipeline Servs. Co. v. Wilderness*

*Soc'y*, 421 U.S. 240, 259 n. 31 (1975);  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir.

2002).  In the Fifth Circuit, state law controls both the award of and the reasonableness of fees

awarded when state law supplies the rule of decision. *Mathis v. Exxon Corp*., 302 F.3d 448, 461

(5th Cir. 2002).  Therefore, this Court must look to Louisiana law when determining the amount

of, and the reasonableness, of attorney's fees.

In assessing the reasonableness of attorney's fees, there are ten factors that are to be taken

into account.  *State of Louisiana, Dept. of Transp. and Dev. v. Williamson*, 597 So.2d 439, 442

(La. 1992).  These include: (1) the ultimate result obtained; (2) the responsibility incurred; (3)

the importance of the litigation; (4) the amount of money involved; (5) the extent and character

of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the

number of appearances made; (8) the intricacies of the facts involved; (9) the diligence and skill

of counsel; and (10) the court's own knowledge.  *Id.* at 442.

Further, the Court should consider "the entire record, including discovery, pretrial

motions, the legal issues involved, and the length of trial." *Richardson v. Parish of Jefferson,*

727 So.2d 705, 707 (La. App. 5th Cir. 1999).  An hourly rate more properly takes the relevant

factors into account, and is therefore the proper way to award reasonable attorney's fees in this

matter.

A reasonable attorney's fee is determined by the facts of an individual case.  *Gottsegen v.*

*Diagnostic Imaging Servs.*, 672 So.2d 940, 943 (La. App. 5th Cir. 1996).  The Court has the

ultimate discretion to determine the amount of an attorney's fees based on the Court's own

knowledge, on the evidence, and on the Court's observation of the case and the record.  *See*

*Custom-Bilt Cabinet & Supply, Inc. v. Quality Built Cabinets, Inc.*, 748 So.2d 594, 602-03 (La.

App. 2d Cir. 1999).  A court does not have to hear evidence concerning time spent or hourly

rates charged in order to make an award since the record will reflect much of the services

rendered.  *In re Andras*, 410 So.2d 328, 331 (La. App. 4th Cir. 1982).

## III.     Analysis

Advocate seeks an award of $37,200.72 in attorney's fees.  It further seeks to reserve the

right to seek additional fees at a later date in the event that it incurs additional fees in collecting

the Judgment from Sherman or in the event that Sherman appeals the Court's judgment. In

support of the application for attorney's fees, Advocate submitted the declaration of Carey

Menasco a shareholder at Liskow & Lewis.

In the affidavit of Menasco, she contends that Philip Jones Jr. and Dena Olivier assisted

her on the file.  She further contends that Jones' hourly rate was $435.00 per hour, Olivier's

hourly rate was $360.00 and her hourly rate was $260.00.  In addition to the three partners

working the file, there were two associates who were assigned to the file.   The Associates were

Reed Morgan whose billable rate was $220.00 and Lacey Rochester whose billing rate was

$200.00.  Additionally, Menasco states that there were "paralegals" who billed the file and their

hourly rates were $130.00.[2]  She contends that the rates noted above are their customary billing rates.

Menasco indicates that she exercised billing discretion to ensure no duplication of effort or excessive time was allocated to the file.  She notes that she wrote off billing entries either in whole or in part before issuing final invoices to Advocate for November and December 2013, January 2014 and September 2014, which are not reflected in the invoices attached but represent a fee reduction of $8,324.50.

She further granted Advocate percentage discounts for the months of December 2013, January 2104, July 2014, August 2014, October 2014, and November 2014 resulting in additional discounts of $6,126.40.  As a result, the total fees written off equaled $14,450.53 or approximately 82.75 hours using the blended rate of $174.63/hour which represents approximately 28% of the actual time spent on the matter.

### A.    Factors in the Award

#### 1.    Legal Knowledge

A total of five attorneys worked on the case.  Upon review of the initial application, the Court found that the movants failed to present evidence of the attorney's background education and work experience.  The Court therefore issued an order directing Advocate to supplement their application by providing information evidencing the legal knowledge and attainment of skill.

On January 29, 2015, Advocate supplemented their motion with affidavits from attorneys Philip K. Jones Jr., Dena L. Olivier, Carey L. Menasco and Associates, Reed Morgan and Lacey

---

[2]The paralegals identified by the billing records are Corey Savona (CS) 8.25 hours, Chris E. Yount (CEY) 12.5 hours, Emily Randazzo (EJR)  1.25, and J. Michael Sullivan (JMS) 2.10 hours.

Rocheter which discussed the education, background, and skills. (R. Doc. 38.)  There was no evidence presented for any paralegal just a general statement that paralegals worked on the file and the rate charged for them which is not competent evidence for review of the reasonableness of their fees charged.  As a result, the fees charged for the paralegals are disallowed.

Philip Jones was admitted to the Louisiana State Bar in 1974 and has practiced law at Liskow for more than thirty-four years. *See* R. Doc. 38-1 (Jones Aff. ¶ 7). He currently serves as chair of the firm's Complex Business Bankruptcy and Utility Litigation practice group and specializes in matters involving bankruptcy, creditors' rights, and business litigation. *Id.*

Jones received a Juris Doctorate from the Paul M. Hebert Law Center, Louisiana State University in 1974, where he was a member of the Louisiana Law Review and inducted into the Order of the Coif. *Id.* (Jones' Curriculum Vitae). Thereafter, he attended Queen's College, Cambridge University where he received an L.L.M. in Comparative Law and Legal History. *Id.* (Jones Aff. ¶ 8). He is admitted to practice in all Louisiana state courts, the Eastern, Middle, and Western Districts of Louisiana, the Southern District of Texas, the United States Courts of Appeal for the Fifth and Eleventh Circuits, and the United States Supreme Court. *Id.* (Jones' Curriculum Vitae).

Dena Olivier was admitted to the Louisiana State Bar in 1986 and has practiced law at Liskow & Lewis, APLC for more than twenty-seven years. *See* R. Doc. 38-2 (Olivier Aff. ¶ 7). She is a member of the firm's Complex Business Bankruptcy and Utility Litigation practice group and specializes in matters involving bankruptcy, creditors' rights, and business litigation. *Id.* She regularly represents financial institutions and other creditor clients in state and federal court, including bankruptcy court. She also handles commercial debt collection matters, such as

workout arrangements and foreclosure as well as breach of contract and various other commercial disputes. *Id.*

Olivier received a Juris Doctorate from Tulane University in 1986. *Id.* (Olivier Aff. ¶ 7). Thereafter, from 1986 to 1987, she served as a law clerk to the Honorable Walter F. Marcus, Jr., Associate Justice, Surpreme Court of Louisiana. *Id.* (Olivier Biography). Prior to practicing law, Ms. Olivier practiced as a certified public accountant. *Id.* She is admitted to practice in all Louisiana state courts, the Eastern, Middle, and Western Districts of Louisiana, and the United States Courts of Appeals for the Fifth Circuit. *Id.*

Carey Menasco was admitted to the Louisiana State Bar in 2002 and has practiced with Liskow for more than twelve years. *See* R. Doc. 38-3 (Menasco Aff. ¶10). She is a member of the firm's Business Litigation and Complex Business Bankruptcy and Utility Litigation practice groups. Her practice focuses on complex litigation, including banking and contract disputes, professional liability litigation, legal malpractice defense, and bankruptcy and creditors' rights litigation. *Id*. She regularly represents financial institutions and other creditor clients in state and federal court, including bankruptcy court. *Id.* Ms. Menasco received a Juris Doctorate from the Paul M. Hebert Law Center, Louisiana State University in 2002, where she was a member of the Louisiana Law Review and inducted into the Order of the Coif. *Id.* (Menasco Aff. ¶ 11). She is admitted to all Louisiana state courts, in the Eastern, Middle, and Western Districts of Louisiana, and the United States Court of Appeals for the Fifth Circuit. *Id*.

Reed Morgan was admitted to the Louisiana State Bar in 2011 and practiced with Liskow from September 2011 until May 2014. *Id.* (Menasco Aff. ¶ 8). While at Liskow, she was a member of the firm's Business Litigation practice group with a focus on business litigation, energy litigation, and white collar criminal defense. *Id.* Ms. Morgan received her Juris Doctorate

from Loyola University New Orleans College of Law in 2011, where she graduated *magna cum laude*. *Id*. At the time she worked at Liskow, she was admitted to practice in all Louisiana state courts, in the Eastern, Middle and Western Districts of Louisiana, and the United States Court of Appeals for the Fifth Circuit. *Id.*

Lacey Rochester was admitted to the Louisiana State Bar in 2012 and has practiced with Liskow since August 2013. *See* R. Doc. 38-4 (Rochester Aff. ¶7). She is a member of the firm's Business Litigation and Complex Business Bankruptcy and Utility Litigation practice groups. *Id*. Rochester regularly represents financial institutions and other creditor clients in state and federal court, including bankruptcy court. Her experience encompasses commercial debt collection matters including workout arrangements and foreclosure. She also handles various other commercial disputes. *Id.*

Rochester received a Juris Doctorate from the Loyola University College of Law where she graduated *magna cum laude* and was a member of the Loyola Law Review and Moot Court. *Id.* (Rochester Aff. ¶8). Thereafter, she served as the sole law clerk to the Honorable Wendy Hagenau, United States Bankruptcy Court, Northern District of Georgia. *Id.* The Northern District of Georgia has one of the highest concentrations of consumer bankruptcy filings in the country. *Id.* Ms. Rochester is admitted to practice in all Louisiana state courts, the Eastern, Middle, and Western Districts of Louisiana, the Southern District of Texas, and the United States Court of Appeals for the Fifth Circuit. *Id.*

After considering the information submitted regarding the attorney's retained by Advocate, the Court finds that each of the attorneys assigned to represent Advocate have the legal knowledge and attainment of skill.  Therefore, this factor is satisfied.

## 2.      Fee Customarily Charged in Local Community

Advocate's counsel alleges that the rates they charged were reduced from their standard rates due to billing discounts granted to Advocate. Jones' standard billing rate of $435 was reduced to $394.22 per hour.  Oliver's standard billing rate of $360.00 was reduced by the billing discount to $310.60 per hour. Menanso's standard billing rate of $260.00 was reduced by the billing discount to $225.88 per hour.   Morgan's billing rate of $220.00 was not further discounted. However, Rochester's billing rate of $200.00 was discounted to $166.47.  Advocate contends that each of the billing rates charged were within the prevailing marketing rates in this geographical area.

In support of the reasonableness of the billable rate, the plaintiff submitted the Declaration of Henry A. King, a founding member and the managing member with the firm of King, Krebs & Jurgens, P.L.L.C. ("King, Krebs & Jurgens").

King, a commercial trial lawyer in the community, opined that the attorney's fees sought are reasonable in light of the nature, extent and amount of fees Advocate incurred to collect the indebtedness owed under the Amended and  Restated Law Firm Revolver Promissory Note dated March 10, 2009 in Orleans Civil District Court and the United States District Court for the Eastern District of Louisiana. *See* R. Doc. 38-5 (King Aff. ¶ 6).

Advocate further contends that recent case law confirms that the rates charged by its attorneys were well within the prevailing market rates in Eastern District of Louisiana. *See e.g.* *Smith v. Sprint/United Mgmt. Co.*, No. 11-499, 2011 U.S. Dist. LEXIS 146081 (E.D. La. Dec. 20, 2011) (awarding $290.00/hour for a partner with sixteen (16) years of experience and $240/hour for an associate with eight (8) years of experience); *Construction South, Inc. v. Jenkins*, No. 11-1201, 2011 U.S. Dist. LEXIS 99254 (E.D. La. July 29, 2011) (awarding

9

$350/hour for two partners with thirty-six (36) and thirty (30) years of experience, $200/hour for an associate with four (4) years of experience, and $180/hour for an associate with two (2) years of experience); *Atel Mar. Investors, LP v. Sea Mar Mgmt., LLC*, No: 08-1700, 2011 U.S. Dist. LEXIS 68436 (E.D. La. June 27, 2011) (awarding $250 for partner with thirty-five (35) years of experience, $250 for a partner with eleven (11) years of experience, and $175 for an associate with two (2) years of experience).

The Court having considered the background training and experience of the billing attorneys, as well as the relevant case law and the supporting declaration of Mr. King, finds that there rates are reasonable.

### 3.    The Ultimate Results Obtained.

The record confirms that Advocate was successful in obtaining a default judgment in this matter.  Advocate was awarded a judgment against Sherman in the amount of $302,449.13 plus accrued interest of $77,204.05 through April 21, 2014, with interest thereafter accruing on the principal indebtedness at the default rate of 18% annual ($149.15); plus reasonable attorney's fees in an amount not to exceed twenty-five percent of the outstanding principal indebtedness; plus costs of the proceedings.  *See* R. Doc. 29.  Consequently, the main objective of the lawsuit was accomplished some eight (8) months after the suit was filed.

Further given the remaining factors; number of appearances, importance of the matter, extent and character of the work performed. According to Menasco, the hours were spent (1) attempting to enforce Advocate's security interest in fees owned to Sherman and defending Advocate from baseless lender liability claims asserted by Sherman (which were ultimately dismissed without prejudice); (2) filing the above matter to recover the amount due pursuant to the 2009 Amended and Restate law Firm Promissory Note and (3) sending formal notification

letters in accordance with La. Rev. Stat. § 10:9-412(a) excluding the time spent preparing the subject motion. *See* R. Doc. 35-2 (Menasco Aff. ¶ 8). Menasco contends that all of these actions fall within the scope of collection activities covered by the Note and Security Agreement

Turning now to the computation of the attorney's fee award, Advocate seeks to recover 213.03 hours. However, after extracting the hours attributable to the paralegals, the Court finds that the following hours represent the accurate calculation of the hours and fees in this matter.

| **Invoice** | **Jones (PKJ)** Rate:  $394.22 | **Olivier (DLO)** Rate:  $310.60 | **Menasco (CLM)** Rate:  $225.88 | **Morgan (RAM)** Rate:  $220.00 | **Rochester (LER)** Rate:  $166.47 |
|---|---|---|---|---|---|
| **12/18/14** | | | 14.60 | | 9.40 |
| **11/13/14** | .50 | .50 | 3.25 | | 27.40 |
| **10/28/14** | | 1.00 | 1.45 | | 1.30 |
| **09/24/14** | | .70 | 8.25 | | 20.50 |
| **08/31/14** | | | 8.75 | | 46.50 |
| **07/16/14** | | | | | .70 |
| **06/25/14** | | | | | .60 |
| **05/19/14** | | | | 2.40 | 3.00 |
| **04/25/14** | .30 | | | | 5.00 |
| **03/19/14** | | | | | 1.30 |
| **02/21/14** | | 2.50 | .40 | | 10.80 |
| **12/19/14** | | | 1.50 | | 6.75 |
| **Total Hours** | **.80** | **4.70** | **38.20** | **2.40** | **133.25** |
| **Fees** | **$315.38** | **$1,459.82** | **$8,628.62** | **$528.00** | **$22,182.13** |
| **Total Fees** | | | | | **$33,113.95** |

B.      **Reservation of the right to seek additional attorney's fees**.

Advocate seeks to reserve its right to pursue additional fees incurred in collecting the judgment from Sherman. Advocate directs the Court to the terms of its security agreement which provides for the recovery of attorney's fees incurred including any appeals and anticipated post-judgment collection services.

In reviewing the record, the Court finds that Advocate's right to seek additional fees is expressly provided in the security agreement. Therefore, even though it seeks to reserve its right to pursue additional fees, the security agreement which is the contract between the parties provides for the ability to recover additional fees rendering its effort to reserve its rights unnecessary. Nonetheless, the Court finds pursuant to the agreement that such a right exists and is so preserved.

C.      **Conclusion**

**IT IS RECOMMENDED** that Advocate's **Motion for Attorney Fees (R. Doc. 35)** be **GRANTED**, and that Advocate Financial, LLC be awarded attorney's fees in the amount of **$33,113.95**, to be paid by H. Edward Sherman and his law firm, H. Edward Sherman, APLC no later than twenty-one (21) days after the adoption of this Report and Recommendation by the District Judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences

will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430

(5th Cir. 1996).

.

New Orleans, Louisiana, this 20th day of July 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**